WILLIAMSON BANK & TRUST COMPANY *v.* MILES.

Opinion delivered June 8, 1914.

1. BILLS AND NOTES—ENDORSEMENT IN BLANK—TITLE.—A note drawn to the maker's order, and endorsed by him in blank, becomes in legal effect a note payable to bearer, and no written endorsement is necessary to pass the title. (Page 345.)

2. BILLS AND NOTES—ENDORSEMENT IN BLANK—BONA FIDE PURCHASER.—Where a note payable to maker's order is endorsed in blank and delivered to the person for whom it was made, a purchaser of the note, in due course, for value, without notice and before maturity may recover on the note against the maker. (Page 346.)

3. BILLS AND NOTES—PURCHASER FOR VALUE.—A bank will be held to be a purchaser for value of a note, where it paid value for the same and placed the amount to the credit of the vendee of the note. (Page 346.)

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

*Allen Hughes* and *Fink & Dinning,* for appellant.

1. There are only two questions in this appeal. (a) Was there such fraud practiced in procuring the note as would have vitiated it in hands of the original holder, and (b) did appellant pay a valuable consideration for the note?

2. The note was not void for fraud.

3. Appellant took the note in due course of business before maturity and without any knowledge of the circumstances attending its execution. 101 Minn. 470, is at variance with 104 Ark. 388; 163 S. W. 775; 101 Ark. 280.

*Bevens & Mundt,* for appellee.

1. There is nothing to review on appeal. 70 Ark. 419; 60 *Id.* 250.

2. The note was wrongfully put in circulation. 136 Ia. 390. The consideration failed and the burden of proof was on plaintiff. 13 Ark. 150; 48 *Id.* 450; Bigelow on Bills, 250, 251-2; 136 Ia. 390; 15 Ann. Cas. 668; 11 Ann. Cas. 204; 163 S. W. 798.

3. Plaintiff did not show himself a *bona fide* holder. 11 Ann. Cas. 204; 163 S. W. 798; 104 Ark. 394; 99 *Id.* 391.

HART, J. This action was commenced before a justice of the peace by Williamson Bank & Trust Company against J. B. Miles, Jr., to recover on a promissory note which was executed by the defendant for the sum of two hundred dollars. The plaintiff recovered judgment before the justice of the peace, and an appeal was taken to the circuit court, where the case was tried before the court sitting without a jury. The circuit court found in favor of the defendant, Miles, and the plaintiff, Williamson Bank & Trust Company, prosecutes this appeal to reverse the judgment rendered in favor of the defendant. The facts are as follows:

S. M. Williamson testified: I am president of the Williamson Bank & Trust Company, a banking corpora-

tion organized under the laws of the State of Tennessee, doing business in the city of Memphis. The bank, in the ordinary course of its business, makes a practice of discounting notes and negotiable instruments. The note shown me is signed by J. B. Miles, Jr., dated August 29, 1912, and due three months after date. Miles executed the note in favor of himself and endorsed it in blank. On the 13th day of November, 1912, our bank purchased the note from Rhea P. Cary, attorney for Lamar Heiskell, receiver, and paid therefor the sum of two hundred dollars. Heiskell had been appointed receiver for the Southwestern Motor Car Distributing Corporation; which was the owner of the note. The amount paid for the note was placed to the credit of the receivership to enable the receiver to have funds to take care of and pay for certain cars which were in the city at that time and upon which drafts with bills of lading attached had been drawn. The proceeds thus enabled the receiver to obtain a very considerable profit for the receivership by being able to protect the purchase of the cars. Neither the Williamson Bank & Trust Company nor myself had any knowledge or information whatever of the circumstances attending the execution of said note except that Mr. Cary stated to me that the note was executed in payment of stock which had been subscribed by Miles to the motor car distributing corporation. I had no knowledge whatever that there was any defense to the note. The note is past due and Miles has refused to pay it. I did not know that he claimed to have any defense whatever to the note until this suit was instituted. The suit was commenced on April 17, 1913.

The defendant, J. B. Miles, Jr., testified in his own behalf as follows: I executed the note sued on and introduced in evidence. At the time of the execution of the note a written receipt was given me in exchange for it, which is as follows:

"August 29, 1912. Southwestern Motor Car Distributing Corporation, Memphis, Tennessee. Received from J. B. Miles (note) $200 for two hundred shares of

the preferred stock of the Southwestern Motor Car Distributing Corporation. In case the stock is fully paid for and is not tendered the consideration received by this corporation will be refunded. (Signed) P. A. Daulter.''

The consideration for the note was stock in the Southwestern Motor Car Distributing Corporation. The agent of the corporation who induced me to subscribe for the stock and execute the note represented to me that the corporation had plenty of money, but only wanted me to take two hundred dollars' worth of stock because of my influence. He told me that if I did not get the stock they would pay the money back. The corporation was engaged in selling automobiles. Before the note was presented for payment the corporation went into the hands of a receiver. The stock was never sent to me.

The undisputed evidence shows that Miles, the maker of the note, drew it to his own order and then endorsed it in blank and delivered it to the agent of the Southwestern Motor Car Distributing Corporation. It became then, in legal effect, a note payable to bearer, and no written endorsement was necessary to pass the title. *Hale* v. *Citizens Bank of Monette,* 111 Ark. 258, 163 S. W. (Ark.) 775. In that case the court held that where one makes a note payable to himself or order, endorses it in blank, and delivers it to the agent of the company in whose favor it was executed, it becomes in effect a note payable to bearer, and its endorsement by the agent of the company in whose favor it was made is not necessary to constitute the holder of it a *bona fide* holder in due course of business. Williamson, the president of the plaintiff company, testified that he purchased the note in due course of business and paid therefor its face value. He stated that no endorsement was made by the receiver from whom he purchased it because the note was made payable to the maker thereof and because the attorney for the receiver guaranteed its payment and on this account it was not considered necessary for the receiver to endorse the note. Williamson further testified that he paid full value for the note and placed the amount to

the credit of the receiver in order to enable the latter to have funds with which to take care of and pay for certain motor cars; that at the time the bank purchased the note neither it nor its officers and agents had any notice whatever of any defect in the note or that there was any defense to it.  Williamson's testimony in this respect was uncontradicted.  It was reasonable and consistent with itself, and there was no fact or circumstance introduced in evidence which tended in any way to contradict it.  Therefore, whatever may be the rule elsewhere, under the principles of law decided in the case of the *Bank of Monette* v. *Hale,* 104 Ark. 388, the court should have directed a verdict for the plaintiff.  In that case the amount which the bank paid for the note was placed to the credit of the insurance company in whose favor the note was executed and the proceeds remained in the bank for a period of one year.  On the next day after the bank purchased the note it was notified by the maker thereof that he had a valid defense to the note and did not intend to pay it.  Although the amount which the bank had paid for the note was then in the bank placed to the credit of the corporation in whose favor the note was executed, the court held that the undisputed evidence showed that the bank was a *bona fide* purchaser for value in due course of business and was entitled to recover.

It follows that the court erred in not directing a verdict for the plaintiff.  For that error the judgment will be reversed, and, inasmuch as the case has been fully developed, judgment will be entered here for the amount of the note with interest thereon at 6 per cent per annum from the 29th day of August, 1912.